# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **Alicidas Pitner,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-00635-ADA-SH** |
| | § | |
| **Commissioner of the Social Security** | § | |
| **Administration,** | § | |
| *Defendant* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D ALBRIGHT**
**        UNITED STATES DISTRICT JUDGE**

Before the Court are the Plaintiff Alicidas Pitner's Opening Brief in Support of a Social Security Appeal (Dkt. 10), Defendant's Brief in Support of the Commissioner's Decision (Dkt. 12), Plaintiff's Reply Brief (Dkt. 13), and the Social Security Record (Dkt. 9).[1]

## I.    Background

Pitner applied for Social Security disability benefits on August 21, 2023, alleging disability beginning August 15, 2023. Dkt. 9-5 at 5. Pitner alleges that her disability stems from macular edema in both eyes, type 2 diabetes, diabetic neuropathy, anxiety, depression, high blood pressure, high cholesterol, and insomnia. Dkt. 9-6 at 3. After her application was denied initially and on reconsideration, Dkt. 9-3 at 5-11, Pitner requested a hearing before an Administrative Law Judge ("ALJ"). Dkt. 9-4 at 18. The ALJ held a hearing on December 12, 2024, Dkt. 9-2 at 37-56, and issued a decision denying benefits on January 13, 2025. *Id.* at 24-32.

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

Pitner appealed, and the Appeals Council denied review. *Id.* at 2. Having exhausted her administrative remedies, Pitner sued, challenging the ALJ's decision under 42 U.S.C. § 405(g) and seeking remand for an immediate calculation and award of benefits or further proceedings. Dkt. 10 at 9.

## II.    Section 405(g) Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant can engage in "substantial gainful activity," the Social Security Commissioner uses a five-step evaluation process. 20 C.F.R. § 404.1520. The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do her "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).

The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth. *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir. 2017). A finding that a claimant is disabled or not disabled at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of the Commissioner's final decision denying Social Security benefits is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner correctly applied the relevant legal standards. *Keel v. Saul*,

986 F.3d 551, 555 (5th Cir. 2021). The harmless error doctrine applies to Social Security cases when the ALJ proceeds past step two. *Id.* at 556.

### III.  Analysis

Pitner challenges the ALJ's step two determination that she "does not have a severe impairment or combination of impairments." Dkt. 9-2 at 29-32. It is a claimant's burden to establish that she has a severe impairment, but she is required to make only a *de minimis* showing at step two. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

Under Social Security regulations, an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also* 20 C.F.R. § 404.1520(c). But the Fifth Circuit "has stated and reaffirmed its view that the regulatory definition of 'severe impairment' is inconsistent with how the Social Security Act defines disability." *Cardona v. Kijakazi*, No. EP-21-CV-00142-DCG, 2022 WL 16953665, at *3 (W.D. Tex. Nov. 14, 2022) (collecting cases). The Fifth Circuit defines an impairment "as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). Stated positively, "an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work." *Salmond*, 892 F.3d at 817. This does not mean an ALJ must use "magic words," but an ALJ must provide some indication that they applied the correct legal standard. *Keel*, 986 F.3d at 555-56.

Pitner argues that the ALJ articulated the correct *de minimis* standard in the "Applicable Law" section of her decision but applied the more stringent "significantly limits" standard to the facts of the case. Dkt. 10 at 6. The Commissioner responds that "the ALJ complied with the

3

'slight abnormality' standard set forth in *Stone* by citing to SSR 85-28." Dkt. 12 at 4. Other than this argument, the Commissioner does not address whether the ALJ applied the correct standard.

In the Findings of Fact and Conclusions of Law section of the Decision, the ALJ used the language of the "significantly limits" standard five times:

- "The claimant does not have an impairment or combination of impairments *that has significantly limited (or is expected to significantly limit)* the ability to perform basic work-related activities for 12 consecutive months." Dkt. 9-2 at 29.

- "In reaching the conclusion that the claimant does not have an impairment or combination of impairments that *significantly limits* her ability to perform basic work activities, the undersigned has considered all symptoms." *Id.* at 30.

- "The undersigned finds the claimant does not have an impairment or combination of impairments that *significantly limits* her ability to perform basic work activities is consistent with the objective medical evidence and other evidence." *Id.* at 31.

- "Because the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are *nonsevere*." *Id.* at 32.

- "[T]he claimant's physical and mental impairments, considered singly and in combination, do not *significantly limit* the claimant's ability to perform basic work activities." *Id.*

These statements show that the ALJ applied the incorrect standard when analyzing the severity of Pitner's impairment. *Loza v. Apfel*, 219 F.3d 378, 392-93 (5th Cir. 2000).

Because the ALJ did not proceed past the step two analysis, the Court cannot assess whether the ALJ's failure to apply to correct legal standard was harmless error. *Keel*, 986 F.3d at 556. For that reason, the Court recommends that this case be remanded.

## IV.  Recommendation

The Court **RECOMMENDS** that the District Court **REVERSE** the decision of the Social Security Commissioner and **REMAND** the case for further administrative proceedings consistent with this order.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 28, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE